UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

KEYVIN SIRAGUSA-DE-JESUS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1281 (JAF)

(Criminal No. 10-251-53)

**OPINION AND ORDER**

Petitioner, Keyvin Siragusa-De-Jesús, appearing pro se, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed was in excess of that authorized by law. (Docket Nos. 1; 6.) The Government opposes.[1] (Docket No. 5.)

**I.**

**Background**

On November 21, 2011, Petitioner pleaded guilty to conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846. (Crim. Docket No. 2832.) In the plea agreement, Petitioner stipulated that he was responsible for an amount of cocaine at least 500 grams, but less than two kilos. (Id. at 12.) We advised Petitioner at the change-of-plea hearing that the sentencing guidelines in the plea agreement were "the best estimate as of today of what the

---

[1] The government filed its response before Petitioner filed his second supplemental motion. (Docket Nos. 5; 6.) The government's response construes Petitioner's motion as a challenge to the conditions of his confinement, properly brought under § 2241. (Docket No. 5.) The government does not explain why Petitioner's motion should be so construed. Petitioner's first motion, (Docket No. 1), did not present any developed argument. But Petitioner's second supplemental motion, (Docket No. 6), falls clearly within the scope of a § 2255 motion. We, therefore, construe it as such and deny the motion.

guidelines should be." (Id.) We also advised Petitioner that we could sentence Petitioner under the guidelines, over the guidelines, or pursuant to the statute. (Id.) We advised Petitioner that we were not obligated to accept any sentencing recommendations. (Id. at 14.)

On March 6, 2012, this court sentenced Petitioner to an imprisonment term of eighty-four months. (Crim. Docket No. 2831.) We noted that while the severity of his offense could "easily, easily, easily, easily justify a sentence higher than the lower end of the applicable guidelines range," we would sentence him to "what he bargained for, which is the sentence of 84 months." (Id. at 14.)

In this collateral challenge, Petitioner argues two grounds for relief: 1) his sentence was higher than the 60-70 months allegedly provided by the plea bargain; 2) his lawyers were ineffective. (Docket Nos. 1; 6.) For the reasons that follow, we reject both of these arguments.

## II.

### **Legal Standard**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance

of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).  As mentioned in a recent holding, we are concerned with the rights of litigants, but we must protect the integrity of the federal court system against meritless allegations. Lassalle-Velázquez v. United States, No. 12-1795, 2013 U.S. Dist. WL ____, at *__ (D.P.R. June 10, 2013) (using meritless arguments to collaterally challenge federal convictions through § 2255 petitions is overburdening federal district courts and leading to some criminal cases being entirely re-litigated).

## III.

## Discussion

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

A.   **Objection to Sentence of Eighty-Four Months**

Petitioner objects that he received a sentenced of eighty-four months.  (Docket No. 6 at 10.) Petitioner argues that this sentence was higher than the 60-70 months allegedly provided in his plea agreement. (Id.)  This argument fails.

The plea agreement did not guarantee Petitioner a sentence of 60-70 months.  (Crim. Docket No. 2356.)  In fact, the plea agreement provided, in all caps and bold letters, "No Stipulation as to Criminal History Category." (Crim. Docket No. 2356 at 5.)  The agreement also provided that "the Court is not bound by this plea agreement."  (Id. at 3.)  As we explained to Petitioner at the change-of-plea hearing and at sentencing, the plea agreement provided only the "best estimate" of the sentence he might receive.

When Petitioner entered the plea bargain, he may have believed that he would have a criminal history category of three. But the plea agreement expressly contemplated for the possibility that Petitioner might have a criminal history category of four, in which case the government would recommend a sentence at the lower end of the guidelines range. (Docket No. 2356 at 4-5.) That is exactly what came to pass.

By the time the Probation Department completed its Amended Pre-Sentence Report ("PSR"), Petitioner's criminal history category became a four. (Docket No. 2596 at 39.) At sentencing, the government honored its commitment by recommending an 84-month sentence at the lower end of the guidelines range. (Docket No. 2831.) By sentencing Petitioner to eighty-four months, we also gave Petitioner the benefit of the bargain he had made, despite the severity of his offense and the § 3553 factors that would have justified a longer sentence. (Id.) Petitioner's unhappiness with the 84-month sentence is not a valid legal objection: To put it simply, he got what he bargained for. See United States v. Acosta-Roman, 549 F.3d 1, 2 (1st Cir. 2008) (finding that sentence enhancement was clearly permitted by terms of plea agreement).

**B.     Unsatisfactory Representation**

As his second ground for relief, Petitioner argues that his attorneys did not provide satisfactory representation. (Docket No. 6 at 10.) Petitioner does not give one single reason why his attorneys were ineffective. This claim, thus, fails as completely undeveloped. Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (bare and unsupported allegations are waived). Petitioner has also failed to show any prejudice resulting from his attorneys' allegedly-unsatisfactory representation. See generally Strickland v. Washington, 466 U.S.

668, 686 (1984) (requiring a showing of prejudice for viable ineffective-assistance claim) (internal quotation marks omitted).

## IV.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Siragusa-De-Jesús has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Siragusa-De-Jesús may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

### Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion. (Docket Nos. 1; 6.) Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of August, 2013.

                                           S/José Antonio Fusté
                                           JOSE ANTONIO FUSTE
                                           U. S. DISTRICT JUDGE